## BERNARD et al. v. CROWELL.
### No. 8682.

Court of Civil Appeals of Texas.  San Antonio.
Nov. 25, 1931.

See, also, 38 S.W.(2d) 912.

Jas. P. Cogdell, of Raymondville, and Greenwood & Lewis and A. N. Beem, all of Harlingen, for appellants.

A. B. Crane, of Raymondville, and Joseph Higgins, of Nashville, Tenn., for appellee.

FLY, C. J.

Appellee sued appellants to recover $600 alleged to be due him as a fee for his services as an attorney.  The cause was tried by jury and resulted in a verdict and judgment for appellee in the sum of $600.

The court began his instructions to the jury with a dissertation on the facts of the case, assuming proof of several important matters connected with the case; then after that treatise, consisting of a due admixture of facts and law, he proceeded to present four special issues.  The issue of the amount due appellee for his services in the trial court was not presented and was not mentioned in the answers, the only amount found being $250, for services in the Court of Civil Appeals.  However, such a minor thing as having no finding of the amount due for services in the trial court was unimportant.  The trial judge proceeded to render a judgment in favor of appellee for $600; doubtless because he sought a judgment for that amount.

■ Appellant has not been accorded the right to go before a jury uninfluenced by any misconception of the law presented by the court and free from any opinion of the trial court of the effect and potency of the facts. and such right should be and will be guarded by an appellate court.

■ It was the duty of the court to present the case to the jury either on a general charge or on special issues, and not on a mixture of the two, and certainly the court had no authority to take the facts away from the jury and build a structure of supposed law thereon.

■ No contract was shown between the parties, but, when a written instrument seeking to bind appellants was presented to them, they refused to sign it.  This it would appear would have settled the matter as to an express contract, and yet, in the face of the refusal to sign the written contract, it was presented and admitted as evidence before the jury.  On what theory it was admitted has not been revealed.

The judgment will be reversed, and the cause remanded.